## 22436. DELOACH *v.* EYRE & COMPANY INC.

SUTTON, J. 1. Any attorney at law who, by himself or agent, shall orally or by writing, for a consideration afterwards to be charged or received, offer or tender to another person, without solicitation, his services in order to institute a suit or represent such person in the courts of this State or of the United States, in the enforcement or collection by law of any claim, debt, or demand of any such person against another, or who, without solicitation, shall seek out and propose to another person to present and urge, as an attorney at law, the collection of any claim, debt, or demand of such person against another, for the collection of which the attorney shall be entitled to demand or receive any fee or reward, is guilty of barratry. Penal Code (1910), § 331.

2. An agreement whereby an attorney at law authorized his name to be published in a commercial law list for one year in consideration $140 to be paid the publisher of the list, and agreed to abide by the collection rates of the Commercial Law League, the purpose of the publication being to acquaint attorneys in various localities with each other and to inform them as to desirable attorneys to whom to forward any legal matters which they might have in other localities, was not illegal and void and did not fall within the provisions of sections 4251 and 4253 of the Civil Code. Under the above contract the publisher of the law list did not contract with the attorney that in consideration of the sum of $140 a year it would procure legal business to be forwarded to him. Performance of the contract by the attorney and the acceptance of any legal matters which might be forwarded to him by virtue of his name being listed in the law directory would not render the attorney guilty of the conduct declared by section 331 of the Penal Code to be barratrous.

3. Nor is such a contract subject to attack on the ground that there has been a total or partial failure of consideration in that the attorney has not received a sufficient amount of legal business from having his name published in the law directory to make the contract worth $140. In consideration of this sum, the publisher of this law list agreed with the attorney that it would publish his name therein for one year, and there is no contention that this was not done. The publisher did not contract to send the attorney any amount of legal business, nor did it guarantee that the attorney would receive any amount of legal business.

4. The attack on the contract, that it was not suitable for the uses intended and was worthless to the attorney, is without merit. Even if the publishing of the attorney's name in the law list of the publisher is not worth what the attorney paid the publisher to have his name so listed, the attorney can not complain. The publisher performed its part of the contract when it published the name of the attorney in the law directory.

5. It follows that the judge of the superior court properly overruled the certiorari to the judgment against the attorney for a balance due by him to the publisher of the law list under the contract referred to.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 8, 1932.

*J. W. DeLoach, Noah J. Stone,* for plaintiff in error.
*Kobak & Levy,* contra.